483 So.2d 1146 (1986)
David GRAPUSA
v.
UNITED STATES FIDELITY AND GUARANTY COMPANY and CNA Insurance Company.
No. 85-CA-544.
Court of Appeal of Louisiana, Fifth Circuit.
February 13, 1986.
Writ Denied April 11, 1986.
Philip D. Lorio, III, Deutsch, Kerrigan & Stiles, New Orleans, for defendant-appellee, Continental Cas. Co.
James L. Donovan, Jr., Donovan & Lawler, Metairie, for defendant-appellee, Fidelity & Guar. Co.
Before BOUTALL, CHEHARDY and CURRAULT, JJ.
CURRAULT, Judge.
This appeal originates in the Twenty-Fourth Judicial District Court, Division "J", Parish of Jefferson, wherein the Honorable Jacob L. Karno rendered judgment ordering United States Fidelity and Guaranty *1147 Company (U.S.F. & G.) to pay David Grapusa the full settlement sum of One Hundred Fifteen Thousand Dollars ($115,000) based on a finding that a policy issued by U.S.F. & G. provided primary coverage. We affirm.
Mr. David Grapusa was a guest passenger in a motor vehicle owned and operated by Edward Lebreton on February 14, 1982, when the motor vehicle was negligently driven into a utility pole. Grapusa sustained personal injuries arising out of the collision; and, following the accident, he received the sum of Five Thousand Dollars ($5,000) from Lebreton and his personal automobile liability insurer for a full and final release of both parties. On the date of the accident, U.S.F. & G. provided Two Hundred Fifty Thousand Dollars ($250,000) of uninsured motorist coverage to David Grapusa under a family automobile policy and Continental Casualty Company (Continental) provided a personal umbrella excess policy with coverage of Five Million Dollars ($5,000,000).
Mr. Grapusa filed suit against both U.S.F. & G. and Continental alleging his injuries exceeded the $5,000 received from Edward Lebreton and his automobile liability insurer. Continental claimed its personal umbrella excess policy did not afford uninsured motorist coverage to Grapusa; and further alleged, in the alternative, that even if its policy afforded uninsured motorist coverage, such coverage was not available until U.S.F. & G.'s policy was exhausted. U.S.F. & G., on the other hand, claimed that the Continental policy did afford uninsured motorist coverage and that the plaintiff, David Grapusa, could choose to proceed with his uninsured motorist claim against either U.S.F. & G. or Continental, but against only one of the insurance companies.
Mr. Grapusa made a demand to settle his claims for One Hundred Fifteen Thousand Dollars ($115,000) and both defendants felt that plaintiff's demand was reasonable. However, neither defendant wished to pay the sum until the courts could rule on the coverage issues raised under the Continental policy. As a compromise between U.S.F. & G. and Continental, and in an attempt to avoid a trial with the plaintiff, it was stipulated by consent judgment that plaintiff would have a judgment rendered in his favor for $115,000 and that U.S.F. & G. would be responsible for one-half or 50 percent of that judgment. It was further stipulated that the other one-half or 50 percent of the judgment would be paid by either U.S.F. & G. or Continental, but only after the courts rendered a judgment on the coverage issues presented in a joint motion for declaratory judgment. The insurance carrier, whose position was rejected by the court would be responsible for the second one-half of the judgment.
Accordingly, and as per the stipulated judgment, a joint motion for declaratory judgment was filed by U.S.F. & G. and Continental. Facts were stipulated to[1] and the district court was called upon to decide the following questions:
"1. Does the personal umbrella excess policy number PX3765962 issued by Continental Casualty Company to Samuel T. Grapusa afford uninsured motorist coverage available to David Grapusa arising out of the collision of February 14, 1982?
2. If the court determines that the Continental Casualty Company policy number PX3765962 does afford available uninsured motorist coverage to David Grapusa arising out of the collision of February 14, 1982, may David Grapusa independently select the coverage afforded in said Continental Casualty policy or does the Continental Casualty policy only afford available coverage to David Grapusa after he has exhausted the uninsured motorist coverage afforded in the United States Fidelity and Guaranty Company policy number FAP17202566?"
The motion for declaratory judgment was argued on April 18, 1985; and the trial *1148 judge, reasoning that the Continental policy specifically excluded uninsured motorist coverage, ruled that U.S.F. & G.'s policy would be considered primary and have to be exhausted before the Continental policy would be available to plaintiff.
Judgment was rendered May 6, 1985, and U.S.F. & G. appeals, alleging as error that the trial court erred in holding that the U.S.F. & G. policy must be exhausted before Continental's personal umbrella excess policy could be afforded to plaintiff, David Grapusa.
Appellant, U.S.F. & G., contends that the plaintiff had the right to select one, either the U.S.F. & G. policy or the Continental policy, and that the U.S.F. & G. policy does not have to be exhausted before reaching the Continental policy.
Appellant asserts the controlling law is LSA-R.S. 22:1406. Specifically, LSA-R.S. 22:1406(D)(1)(c) reads as follows:
"If the insured has any limits of uninsured motorist coverage in a policy of automobile liability insurance, in accordance with the terms of Subsection (D)(1), then such limits of liability shall not be increased because of multiple motor vehicles covered under said policy of insurance and such limits of uninsured motorist coverage shall not be increased when the insured has insurance available to him under more than one uninsured motorist coverage provision or policy; provided, however, that with respect to other insurance available, the policy of insurance or endorsement shall provide the following:
"With respect to bodily injury to an injured party while occupying an automobile not owned by said injured party, the following priorities of recovery under uninsured motorist coverage shall apply:
(i) The uninsured motorist coverage on the vehicle in which the injured party was an occupant is primary;
(ii) Should the primary uninsured motorist coverage be exhausted due to the extent of damages, then the injured occupant may recover as excess from other uninsured motorist coverage available to him. In no instance shall more than one coverage from more than one uninsured motorist policy be available as excess over and above the primary coverage available to the injured occupant."
This "anti-stacking" statute allows for one exception to its general rule. Where a party is injured while occupying a non-owned vehicle, that injured party has available to him the "primary" uninsured motorist coverage on the non-owned vehicle, and one "excess" uninsured motorist coverage. In the instant case, David Grapusa was occupying a non-owned vehicle. Mr. Grapusa, therefore, had available to him the primary coverage on the non-owned vehicle and one "excess" uninsured motorist policy. In this case, plaintiff had available to him uninsured motorist coverage from both U.S.F. & G. and Continental; one being a primary policy, the other an excess umbrella policy. Appellant, U.S.F. & G., argues:
"to require David Grapusa to reach the Continental policy only after exhausting the USF & G policy would be contrary to R.S. 22:1406(D)(1)(c) because in effect, the court would allow the plaintiff to stack the Continental policy on top of the USF & G policy."
In fashioning the above argument, U.S.F. & G. attempts to place itself and Continental on equal footing insofar as availability as an "excess" uninsured motorist provider. U.S.F. & G. argues:
"Clearly, under R.S. 22:1406, the coverage on the vehicle in which the injured party was an occupant is the primary coverage, and the USF & G policy could only be termed an excess coverage under the statute."
Thus, being statutorily relegated to the status of an "excess" insurer, U.S.F. & G. contends both itself and Continental are equally available to the plaintiff and that he should be allowed to choose which insurer he would pursue regardless of policy limits. Additionally, U.S.F. & G. argues that, should we elect to affirm the trial court's decision that the primary U.S.F. & G. policy must be exhausted before the *1149 Continental policy becomes operational, we would be conferring upon Continental the status of an "excess-excess" uninsured motorist insurer. We reject all of appellant's arguments as being misplaced and raising false "stacking" issues.
In Capone v. King, 467 So.2d 574 (La. App. 5th Cir.1985), this court recognized the status of an excess (extra-liability) insurer who had issued an umbrella policy providing coverage on the involved auto and refused to place such insurer on equal footing with the other insurer. The automobile in which the injured passenger was riding had available three policies providing uninsured motorist coverage: Allstate (primary); Aetna (primary); and Chicago Insurance Company (excess-umbrella policy). This court, pursuant to LSA-R.S. 22:1406 et seq., held all three insurers to be primary,
"[b]ecause the Allstate, Aetna and Chicago policies all covered the car in which Capone was a passenger, they are all primary, and therefore available without reference to the above rule on stacking." Capone, 467 So.2d at 580.
Even though this court held the Chicago policy to be primary; nevertheless, Chicago's status as an excess-umbrella insurer was recognized and allowed to remain intact when this court ruled,
"... the Chicago policy does not become operable until Aetna has paid its policy limit of $500,000....." Capone, 467 So.2d at 580.
Although these three insurers were considered primary and the court did not have to address the question of stacking one statutorily excess insurer, we believe the same rationale applies. Simply because U.S.F. & G. has been statutorily delegated the status of an "excess" insurer, through the use of "stacking," this does not mean U.S.F. & G. and Continental are equivalent excess insurers, regardless of whether Continental provides uninsured motorist coverage. U.S.F. & G., by its own terms, is primary. The Continental policy was issued conditioned upon the U.S.F. & G. policy being primary and exhausted first.
David Grapusa was injured while a passenger in Lebreton's vehicle. Grapusa is clearly entitled to proceed against Lebreton's uninsured motorist insurer as primary insurer and then against one other non-primary policy. As the primary uninsured motorist insurer of Grapusa, U.S.F. & G. was procedurally next in line. Since U.S.F. & G.'s policy limits will not be exhausted by the trial court's judgment, we need not address any further the possibility of Grapusa pursuing Continental for any deficit as we believe such question poses a false "stacking" issue and is moot.
Accordingly, for the above foregoing reasons, the judgment of the trial court ruling that U.S.F. & G. policy limits must first be exhausted before the coverage afforded by Continental becomes available is affirmed. Appellant is to pay all costs of this appeal.
AFFIRMED.
NOTES
[1] The stipulated facts are a part of the record and were filed with the motion for declaratory judgment.