J. BRUCE NACCARI, Judge Pro Tem.
This case concerns a dispute over uninsured/underinsured motorist coverage of an umbrella liability policy. The plaintiff appeals from summary judgment in favor of the defendant.
The plaintiff, Charles D. Washam, was seriously injured on November 17, 1982 in a collision between two dump trucks while working as a truck driver for Giambelluca Construction, Inc. Washam settled his claim against Allstate, the insurer of the other truck owned by Diamond Chancellor, for the policy limits of $100,000.
Washam’s employer’s vehicles were insured under an automobile liability policy of $500,000 with United States Fidelity and Guaranty Company, under which it had elected in writing uninsured or underin-sured motorist coverage of only $10,000. Giambelluca had an umbrella liability policy of $5,000,000 with Twin City Fire Insurance Company in addition to the USF & G policy of $500,000. Washam settled with USF & G for its uninsured motorist coverage of $10,000. He sought to collect the balance of his damage claim of $410,000 from the Twin City umbrella policy, filing a motion for summary judgment for recognition of his right to recover under its uninsured motorist coverage. The plaintiff's motion was granted, apparently in error, and the trial judge ordered a new trial. Twin City entered an oral cross-motion for summary judgment, which was granted, while the plaintiff’s motion was denied. The second judgment, signed on March 31, 1986, provided that:
“... any liability on the part of Twin City Fire Insurance Company under the umbrella liability policy issued by said defendant to Giambelluca Construction Company, Inc. is limited to the sum, if any, which plaintiff may prove himself to be entitled to recover over and above and in excess of the - $500,000.00 limits of liability provided by the United States Fidelity & Guaranty policy of insurance issued to Giambelluca Construction Company; ...”
The plaintiff’s appeal followed.
The sole issue is whether an umbrella liability policy, in the absence of a waiver, provides uninsured motorist coverage for damages greater than the uninsured motorist coverage of the underlying liability policy, when the insured has selected uninsured motorist coverage limits that are lower than the . primary liability limits.
The plaintiff’s position is that the Twin City umbrella policy provides uninsured motorist coverage by law and, further, that that coverage is available to him upon the exhaustion of the underlying USF & G policy’s uninsured motorist coverage. That is, Washam argues that the Twin City policy takes over once his damages exceed $10,000. The appellee admits that its umbrella policy includes uninsured motorist coverage. However, its position is that under the terms of the policy Twin City’s coverage begins only when damages exceed the limits of the underlying USF & G automobile liability policy, listed on the Schedule of Underlying Insurance as “$500,000 combined single limit for bodily injury and/or property damage.” As Wa-sham’s petition prayed for damages of $410,000, Twin City would then have no liability.
The applicable statute is LSA-R.S. 22:1406 D(l)(a), as follows in pertinent part:
“D. The following provisions shall govern the issuance of uninsured motorist coverage in this state.
*99 (l)(a) No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in not less than the limits of bodily injury liability provided by the policy, under provisions filed with and approved by the commissioner of insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured or underinsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom; provided, however, that the coverage required under this Subsection shall not be applicable where any insured named in the policy shall reject in writing the coverage or selects lower limts...
The case of Southern American Insurance v. Dobson, 441 So.2d 1185 (La.1983), on rehearing, held that the statute applies to “commercial umbrella” and “excess umbrella” policies where the policies cover liability arising from the ownership, use, or maintenance of a motor vehicle. The insured may decline uninsured coverage by written waiver or may select lower limits in writing. In the absence of a waiver or selection the umbrella policy provides uninsured motorist coverage of not less than its limits of bodily injury liability.
The Dobson holding was followed in Capone v. King, 467 So.2d 574 (La.App. 5th Cir.1985), writs denied 468 So.2d 1203 (La.1985). This court in Grapusa v. U.S. Fidelity and Guaranty Co., 483 So.2d 1146 (La.App. 5th Cir.1986), writ denied 486 So.2d 735 (La.1986), held that the umbrella policy became available only after the policy limits of the underlying policy were exhausted. In both cases the uninsured motorist coverage was equal to the liability limits, unlike the situation in our case.
The Twin City policy contains an endorsement that reads as follows:
“SCHEDULE OF UNDERLYING INSURANCES
IT IS UNDERSTOOD AND AGREED THAT THE SCHEDULE OF UNDERLYING INSURANCES IS AMENDED TO INCLUDE THE FOLLOWING:
CARRIER TYPE OF POLICY LIMITS OF LIABILITY
U.S.F.& G. COMPREHENSIVE GENERAL LIABILITY BODILY INJURY $500,000 EACH OCCURRENCE $500,000 AGGREGATE PROPERTY DAMAGE $100,000 EACH OCCURRENCE $500,000 AGGREGATE
U.S.F.& G. AUTOMOBILE LIABILITY $500,000 COMBINED SINGLE LIMIT FOR BODILY INJURY AND/OR PROPERTY DAMAGE
ST. PAUL AUTOMOBILE LIABILITY (AS RESPECTS: ANTIQUE AUTOMOBILE) $500,000 COMBINED SINGLE LIMIT FOR BODILY INJURY AND/OR PROPERTY DAMAGE
U.S.F.& G. EMPLOYERS’ LIABILTY $500,000 ONE ACCIDENT”
The appellant contends that “the lower limit [of uninsured motorist coverage] to be recognized for Twin City should be that of the underlying coverage for the type of insurance involved as there is no underlying limit listed on their policy.” He states *100 further, without citing authority, that uninsured motorist coverage and automobile liability coverage are distinct types of insurance, frequently listed in different amounts.
The appellee’s position is that uninsured motorist coverage is included in automobile liability insurance, as are comprehensive and collision coverages. Accordingly, under the Twin City — Giambelluca contract, the underlying policy limit of $500,000 for automobile liability must be reached before Twin City’s uninsured motorist coverage applies.
The uninsured motorist statute simply mandates that an automobile liability policy must provide coverage for motorist against injury from uninsured or underin-sured motorist (unless waived in writing), while there is no statutory requirement for the policy to include other coverages. For this reason we reject the appellant’s argument and hold that uninsured motorist coverage is a part of automobile liability insurance and not a separate and distinct type of insurance.
When we review the insurance contract itself we find that it provides excess coverage over “the applicable limits of liability of the underlying insurance as stated in the Schedule of Underlying Insurance Policies.” [1] The required limits of the underlying automobile liability policy is $500,-000. Although uninsured motorist coverage is not listed separately it is included in the automobile liability policy, and the ceiling of $500,000 in damages must be reached before the coverage of the umbrella policy begins.
In section number (14) of the policy it is stated that:
“... Failure of the named insured to comply with the foregoing [to maintain each policy described in the declarations in full effect] shall not invalidate this policy but in the event of such failure, the Company shall be liable only to the extent that it would have been liable had the named insured complied therewith.”
We understand this provision to mean that regardless of any deviation from for the Schedule of Underlying Policies by the insured, in this case limiting uninsured motorist coverage to $10,000, the umbrella *101 insurance carrier is not liable for automobile insurance claims below $500,000. Consequently, Twin City is not required to pay damages between $10,000 and $500,000 under the uninsured/uninsured motorist coverage of its umbrella policy insuring Giam-belluca Construction, Inc.
Accordingly, for the reasons stated above, the summary judgment appealed from is affirmed.
AFFIRMED.

. The policy reads, in pertinent part:
8. Other Insurance
The insurance afforded by this policy shall be excess insurance over any other valid and collectible insurance (except when purchased specifically to apply in excess of this insurance) available to the insured, whether or not described in the Schedule of Underlying Insurance Policies, and applicable to any part of ultimate net loss, whether such other insurance is stated to be primary, contributing, excess or contingent; provided that if such other insurance provides indemnity only in excess of a stated amount of liability per occurrence, the insurance afforded by this policy shall contribute therewith with respect to such part of ultimate net loss as is covered hereunder, but the Company shall not be liable for a greater proportion of such loss than the amount which should have been payable under this policy bears to the sum of said amount and the amounts which would have been payable under each other excess indemnity policy applicable to such loss, had each such policy been the only policy so applicable.
[[Image here]]

14 Maintenance of Underlying Insurance

Each policy described in the declarations shall be maintained in full effect during the currency of this policy, except for any reduction of the aggregate limit or limits contained therein solely by payment of claims in respect of occurrences taking place during the period of this policy. Failure of the named insured to comply with the foregoing shall not invalidate this policy but in the event of such failure, the company shall be liable only to the extent that it would have been liable had the named insured complied therewith.
Upon notice that any aggregate limit of liability under any policy of underlying insurance has been exhausted, the named insured shall immediately make all reasonable efforts to reinstate such limits.
The definition of underlying limit is:
"underlying limit” means with respect to each occurrence to which this policy applies the amounts of the applicable limits of liability of the underlying insurance as stated in the Schedule of Underlying Insurance Policies less the amount, if any, by which any aggregate limit of such insurance has been reduced by payment of loss. ■ The limits of liability of any underlying insurance policy shall be deemed applicable regardless of any defense which the underlying insurer may assert because of the insured's failure to comply with any condition of the policy;
[[Image here]]